**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JOSE ANTONIO AGUILLON LOPEZ #A231-479-533** | **CASE NO. 1:26-CV-03410 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN WINN CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM

Before the Court is an "Emergency Motion for a Temporary Restraining Order Barring Transfer and Removal, and for an Order to Show Cause" (Doc. 2) (1) prohibiting Respondents from removing Petitioner from the United States, (2) prohibiting Respondents from transferring Petitioner to any detention facility outside the Western District of Louisiana, and (3) directing Respondents to show cause why Petitioner's continued detention is lawful and why he should not be released or granted a custody hearing before an Immigration Judge.

## BACKGROUND

Petitioner is a native and citizen of Venezuela; he illegally entered the United States on October 19, 2019 on a B-2 VISA. He was taken into custody on August 21, 2026. Petitioner alleges that he was granted Temporary Protected Status on January 9, 2023 and he filed for adjustment of status on September 21, 2023, which remains pending. He also informs the Court that USCIS approved the Form I-130 filed on his behalf classifying him as an immediate relative—parent of a U.S. Citizen—under INA § 201(b).

Petitioner was taken into custody in Florida when he was issued a traffic citation for a suspended license. Petitioner also complains that he has medical conditions that are not being treated at the Winn Correctional Center.

## LAW AND ANALYSIS

A party seeking a temporary restraining order or preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

First, there is no affidavit attached or a verified complaint that clearly shows that immediate and irreparable injury, loss, or damage will result to Petitioner before the adverse party can be heard in opposition. Additionally, Petitioner has not certified in

writing of any efforts made to give notice and why it should not be required. As such, the requirements of Rule 65 have not been met.

Additionally, Petitioner does not need to be physically present in this judicial district to obtain relief. Jurisdiction attaches when a habeas petition is filed, and it is not destroyed by a subsequent transfer or custodial change. See *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978) *cert. denied*, 439 U.S. 1077 (1979). And courts routinely adjudicate § 2241 petitions on the briefs, without the need for in-person hearings, and without a petitioner's physical presence in a nearby facility. Substantively, claims regarding prison transfers are generally not cognizable under § 2241. See *Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006). (claim not cognizable under § 2241because prisoners lack a constitutionally protected interest where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008)) (district court lacked jurisdiction over a § 2241petition that challenged a transfer). Petitioner has no protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F.App'x 767 (5th Cir. 2005) citing *Yates v. Stalder* , 217 F.3d 332,334 (5th Cir. 2000)).

The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. See *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion

to decide my habeas petition now. See *Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).

As previously noted, Petitioner seeks a show cause hearing as to why he should not be immediately released. To the extent petitioner seeks to be immediately released or to expedite a detention hearing, the Court considers this to be a shortcut around the habeas process. The Court is reluctant to set a precedent that would interfere with the Government's adjudication of Petitioner's immigration status.

## CONCLUSION

For the reasons explained above, the Emergency Motion for a Temporary Restraining Order Barring Transfer and Removal, and for an Order to Show Cause" (Doc. 2) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 8th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**